## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JOHN BRENNER,** | : | |
| | : | |
| **Plaintiff,** | : | **NO.:  3: 20-CV- 496 (XXX)** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES ROVELLA, Commissioner,** | : | |
| **Connecticut Department of Emergency Services** | : | |
| **and Public Protection, in his official and individual** | : | |
| **Capacity,** | : | |
| | : | |
| **Brin Warenda,  Connecticut State licensing and** | : | |
| **Firearms Unit of DESPP, in her individual capacity** | : | |
| **And individual:** | : | |
| | : | |
| **Frank Blando, Chairman, Connecticut State Board** | : | |
| **of Firearms Permit  Examiners, in his official and** | : | |
| **individual capacity,** | : | |
| | : | |
| **Kyle Overturf, Secretary, Connecticut State Board** | : | |
| **of Firearms Permit Examiners, in his Official** | : | |
| **Capacity and individual capacity, and** | : | |
| | : | |
| **Alessandro Giannone, Sergeant of** | : | |
| **the SFLU of the DESPP, in his individual and** | : | |
| **official capacity.** | : | |
| | : | |
| **Defendants.** | : | **April 13, 2020** |

## <u>COMPLAINT</u>

### <u>Background</u>

1.  Plaintiff John Brenner files this complaint for the violation of his

constitutional right to bear arms protected by the Second Amendment and

violation of his constitution right to due process rights.

2.   John Brenner is a retired law enforcement officer with decades of service and extensive firearms training including the FBI academy and CIA.

3.   The plaintiff possessed a Connecticut Permit to carry a pistol, and an H.R. 218, which is a special concealed carry permit for active and retired police to carry nationwide.

4.   John Brenner's CT Pistol permit renewal was denied after the State Police determined that he was unsuitable to carry a weapon as a result of an unlawful and wrongful arrest without probable cause.

5.   The state police refused to reinstate his permit despite the fact that his case was dismissed.

6.   The timing of these continued constitutional violations occurs at a unique time in history when, due to COVID-19, by executive orders, most business are shuttered.

7.   Governor Ned Lamont has declared that retail stores that sell guns and ammunition are essential, under Executive Order No. 7H.

8.    The FBI recorded 3,740,688 NICS firearm background checks for March 2020.  This statistic represents the highest number of checks in one month since these statistics were documented in 1998.

9.   The deprivation of the plaintiff's Second Amendment rights is occurring at a time when law enforcement  is only arresting for the most serious crimes and prisoners are being released due to COVID-19 health concerns.

**Jurisdiction**

10.     This Court has jurisdiction of the claims pursuant to 28 U.S.C. § 1331, 28

U.S.C. § 1343(a)(3), (4), and 42 U.S.C. §§ 1983,  1988.


**Parties**

11.     Plaintiff John Brenner is an adult citizen of the United

States with a residence in Shelton, Connecticut.

12.     **_Defendant James C. Rovella_** was the Commissioner of the Department

of Emergency Services and Public Protection ("DESPP") at all times relevant to

the claims set forth in Counts One, Two, Three, and Four, inclusive, and is sued in

his individual capacity and official capacity.

13.     The Special Licensing and Firearms Unit (SLFU) falls under the

jurisdiction of the DESPP.

14.     The DESPP Commissioner delegates his responsibility to issue, revoke,

and renew state permits to carry a pistol or revolver to the SLFU and its assigned

members.

15.     **_Defendant Brin Warenda_** ("Detective Warenda") was assigned to the

SLFU at all times relevant to the claims set forth in Counts One, Two, Three, and

Four, inclusive, and is sued in her individual and official capacity.

16.     **_Defendant Frank P. Blando_** ("Blando") is the Chairman of the

Connecticut State Board of Firearms Permit Examiners and is sued in his official

capacity for prospective injunctive relief as set forth in the Plaintiff's Prayer for Relief, and individual capacity as to other damages.

17.      ***Defendant Alessandro Giannone*** is Sergeant with the Connecticut State Police, is assigned to the SLFU as a supervisor and,  is sued in his individual capacity, and at all times relevant to the claims set for prospective injunctive relief as set forth in the Plaintiff's Prayer for Relief.

18.      ***Defendant Kyle Overturf*** ("Secretary Overturf") is the Secretary of the Connecticut State Board of Firearms Permit Examiners and is sued in his official capacity for prospective injunctive relief as set forth in the Plaintiff's Prayer for Relief, and individual capacity as to other damages.

19.      The Board was established in 1967 by state statute within the DESPP for administrative purposes only to hear appeals from persons aggrieved (a) by any refusal to issue or renew a permit or certificate under the provisions of General Statutes §§ 29-28 and 29-36f, or (b) by any limitation or revocation of a permit or certificate issued under any of said sections, or (c) by a refusal or failure of any issuing authority to furnish an application as provided in General Statutes § 29-28a.

20.      Effective July 31, 2011, pursuant to Public Act 11-48, § 58, the Board is established with the Connecticut State Office of Governmental Accountability.

21.      At all times alleged in the Complaint, each of the individual Defendants acted under color of state law.

**Claims**

22.    Plaintiff brings this action due to:

a.  having been aggrieved by the refusal to renew a permit to carry a pistol
    or revolver issued by the State of Connecticut;

b.  filed a timely appeal to the Board in accordance with General Statutes
    § 29-32b; and

c.  was denied and  is being denied a reasonable and timely opportunity to
    be heard.

23.    At about 9 PM on May 30, 2019 the plaintiff went to the Walgreens,

in Shelton, CT. The plaintiff, who is a licensed Connecticut APRN,

Advanced Practice Registered Nurse, was wearing medical scrubs and did

not have a weapon.

24.    The plaintiff is a retired lieutenant from the Bridgeport, CT police

department.

25.    Upon leaving the pharmacy area the plaintiff observed an individual,

later identified as Defendant Adebachi, in a blue police type uniform without

any insignia or badge.

26.    Defendant Adebachi's body armor was sticking out and his shirt was

open.

27.    The plaintiff pointed to the patch on Adebachi's uniform and inquired

as to which police department he was affiliated with.

28.    Defendant Adebachi yelled at the plaintiff not to touch him.

29.    Plaintiff then advised Defendant Adebachi that he was a retired

police officer having spent close to 20 years as a Bridgeport officer wherein Defendant Adebachi demanded to see the retired badge several times in a loud tone.

30.     The plaintiff left the store and returned shortly thereafter and displayed a Bridgeport Police Identification card which is stamped "Retired."

31.     The plaintiff paid for his items and left the store.

32.     Defendant Adebachi called the Shelton police to report this "criminal" activity.

33.     On May 30, 2019 Shelton, CT Police Officers Brain Iaucone, Kevin Corda and Richard Bango, investigated a complaint filed by Walgreens employee Roger Adebachi, and effectuated the unlawful warrantless arrest of Plaintiff John Brenner without probable cause.

34.     The plaintiff was falsely accused of breach of peace, a six months misdemeanor, C.G.S. Section 53a-181, and impersonation of a police officer, a five-year felony, C.G.S. Section 53a-130a.

35.     Officers Brain Iaucone, Kevin Corda and Bango arrived at Walgreens and spoke to the Walgreen's store manager, Robin Hotchkiss, who falsely accused the plaintiff of attempting to take items on a prior occasion, in August of 2018, after the plaintiff's credit card was allegedly declined.

36.     Hotckiss also falsely accused the plaintiff of lying about being a doctor in August 2018.

37.     Hotchkiss requested that the plaintiff be arrested due to the May 30, 2019 interaction with the security guard, and his alleged

August 2018 incident.

38.     The plaintiff appeared at the Derby Geographical Area Court two times.

39.     On July 23, 2019 all criminal charges were dismissed.

40.     A permit to carry a pistol or revolver in the state of Connecticut ("state permit") expires five years after the date such state permit is issued or renewed.

41.     On or about June 4, 2019, Brenner submitted his application to the SLFU in Middletown, Connecticut, for the renewal of his state permit prior to his June 5, 2019 expiration date.

42.     On June 27, 2019, by letter, signed by Defendants Rovella and Warenda, the SLFU revoked the plaintiff's pistol permit for unsuitability based upon Brenner's arrest on May 30, 2019.

43.     The June 29, 2019 revocation notice cited the May 30, 2019 incident investigated by the Shelton Police Department.

44.     On September 12, 2019 the plaintiff filed a timely notice of appeal of his pistol permit revocation.

45..    On October 17, 2019, pursuant to a requirement of the SLFU the defendant submitted an appellant questionnaire.

46.     On October 21, 2019, the Defendant Overturf, on behalf of the Board of Firearms Permit Examiners notified the plaintiff that his appeal would tentatively be conducted on May 6, 2021, 694 days (1 year 10 months 24 days) after the wrongful revocation of his pistol permit.

47.     The plaintiff through counsel, requested his pistol permit be reinstated, and provided Defendant Giannone with a court transcript of the dismissal and a copy of the 1983 false arrest federal civil action filed against the Shelton Police, Brenner v. Adebachi,  et al. 3:19 CV 1296 (VLB).

48.     On October 3, 2019 Defendant Giannone replied that "he is not comfortable reinstating at this moment" but would "review it sometime in the future."

50.     Upon information and belief, Defendant Giannone's  refusal to reinstate the plaintiff's pistol; permit relies upon information pertaining to the May 30, 2019, "incident" which were erased after the dismissal of the state criminal court case on July 30, 2019.  Conn. Gen. Stat. § 54-142a(a).

51.     On December 17, 2019 the plaintiff requested  that the SLFU provide him an immediate appeal hearing and that the revocation was affecting his employment and safety, based upon the facts that:

    **a.**     Mr. Brenner's permit was revoked due to an arrest.

    **b.**     The alleged incident that gives rise to the denial of his Connecticut concealed carry permit did not involve the possession or threat of a firearm.

    **c.**     The criminal charges were dismissed.

    **d.**     John Brenner is an advanced practice registered nurse ("APRN") who is licensed by the Connecticut Department of Public Health, license number, 4678.

    **e.**     Mr. Brenner was in medical scrubs at the time of the "incident."

    **f.**      Mr. Brenner possesses a DEA license to dispense controlled substances for medical purposes, and has been licensed for 10 years.

    **g.**      As a major part of his medical practice he provides in home treatment for medically underserved inner-city communities.

    **h.**      His practice frequently requires that he travel into areas in Bridgeport  which are plagued by extreme violence.

    **i.**      When traveling to these areas he has carried a concealed sidearm.

    **j.**      As a retired Bridgeport police of 21 years he has extensive weapons training.  In addition to his police training, he has had firearms training at the FBI academy, Quantico 210, and the CIA, and more recently training to carry a "blue card" as a security officer.

    **k.**      The plaintiff requested an immediate hearing because the revocation was affecting the plaintiff's employment and his safety.

52.    The hearing was moved to July 9, 2020.

53.    The Defendants reliance on the May 30, 2019, "incident" as cause for the continuing refusal to reinstate the plaintiff's pistol permit violated Conn. Gen. Statutes  § 54-142c(a), which prohibits the disclose of erased records.

54.    The plaintiff's state permit was revoked on the basis of an "arrest" resolved by dismissal.

55.    The scheduling of the appeal hearing 694 days after the revocation, knowing it is a violation of the law, was malicious, and deprived, and continues to deprive,  the plaintiff of his federal due process rights.

56.     Plaintiff Brenner moved for an expedited appeal hearing before the Board to mitigate his damages.

57.     General Statutes § 29-32b(d) provides that the Board shall hold hearings at such places and times upon its reasonable discretion.

58.     The Defendants, in creating and/or permitting a backlog of cases which requires aggrieved individuals to wait over a year a hearing, have denied the plaintiff  a meaningful opportunity to be heard at a meaningful time and in a meaningful manner.

59.     Defendants' conduct  deprived Plaintiff of his Fifth and Fourteenth Amendment due process rights to be heard at a meaningful time and in a reasonable manner.

60.     The denial of the due process right to be heard at a meaningful time and in a reasonable manner deprived Plaintiff of his Second Amendment right to keep and bear arms.

61.     The almost twenty-three months imposition of a *de facto* suspension of Plaintiff's state permit by the DESPP Defendants, made possible by the delay between his denial and hearing, violates due process.

62.     The expedited hearing, almost a year after his wrongful permit denial, violates due process.

63.     The delay between the DESPP Defendants' refusal to renew the plaintiff's  state permit violates due process.

64.     In failing to exercise independence and  authority over the DESPP Defendants revocation decisions,  Blando and Overturf violated Plaintiff's due process rights awaiting hearing on his appeal.

65.     In addition to the violation of his Fifth and Fourteenth Amendment rights, the Defendants deprived Plaintiff of property and liberty interests guaranteed under Article First, § 15, of the Connecticut Constitution and the Second Amendment to the United States Constitution.

66.     Wherefore, the Plaintiff suffered, and continues to suffer  damages and demands judgment against Rovella, Warenda and Giannone for compensatory damages and further demands judgment against Chairman Blando and Secretary Overturf, in their official capacities, for prospective relief as set forth in the Plaintiff's Prayer for Relief, plus the costs of this action, and such other relief as Court deems just, proper, and equitable.

67.     The DESPP Defendants Rovella, Giannone and Warenda, acting in their individual capacities, deprived Plaintiff due process when they revoked Plaintiff's state permit without conducting an investigation to determine if the facts and circumstances warranted revocation.

68.     The DESPP Defendants Rovella, Warenda and Giannone, acting in their individual capacities,  deprived Plaintiff due process when they relied solely on Plaintiff's arrest as cause for revocation of his state permit, and failed to reinstate his permit after the case was dismissed.

69.     In failing to exercise independence and authority over the DESPP Defendants' revocation decisions and actively preventing the Board Secretary

from exercising independence and authority over the DESPP Defendants'

revocation decisions, Defendants Blando and Overturf violated Plaintiff's due

process rights.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff claims judgment against the Defendants as stated in Counts One and Two, and relief as follows:

1.      Compensatory damages;

2.      Punitive damages;

3.      Attorney's fees and costs;

4.      Order the SLFU to reinstate the plaintiff's state pistol permit, or in the alternative,

5.      Direct the Connecticut State Board of Firearms Permit Examiners to conduct an immediate appeal hearing for the plaintiff.

6.      Such other relief in law or equity as the Court may deem appropriate.


Dated this 13th day of April 2020, at Bridgeport, Connecticut.


**PLAINTIFF, John G. Brenner**

*/s/ Robert Berke*

_____

**By His attorney**
**Robert Berke, Esq.**
**Law Office of Robert Berke, LLC**
**640 Clinton Avenue**
**Bridgeport, CT  06605**
**CT Bar No. 22117**
**(203) 332-6000**
**(203 ) 549-0570 fax**
**robertberke@optonline.net**
**www.robertberke.com**